692 S.E.2d 534

**In the Matter of William Robert WITCRAFT, Jr., Respondent.**

**No. 26801.**

Supreme Court of South Carolina.

Submitted March 8, 2010.

Decided April 12, 2010.

---

**2.** As of the date of the agreement, the Lawyers' Fund for Client Protection had paid $43,474.73 in claims against respondent.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Robert Witcraft, Jr., of Summerville, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction ranging from a public reprimand to an indefinite suspension from the practice of law.[1] Respondent requests that, if the Court accepts the agreement and imposes a suspension, that the suspension be made retroactive to the date of his interim suspension, March 27, 2008. *In the Matter of Witcraft*, 377 S.C. 354, 660 S.E.2d 497 (2008). Further, respondent agrees to enter into a restitution agreement with the Office of Commission Counsel in which he will repay clients harmed by his misconduct and the Lawyers' Fund for Client Protection (Lawyers' Fund) for any claims paid on his behalf. We accept the Agreement and impose a two year suspension, retroactive to March 27, 2008. In addition, we order respondent to reimburse the Lawyers' Fund and clients as specified later in this opinion. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

Respondent represented James L. Dingus in a civil matter. After initially accepting a flat fee, respondent entered into an agreement with Mr. Dingus which stated his fee would be

---

[1]. Since formal charges were not filed prior to January 1, 2010, an indefinite suspension remains a possible sanction under prior Rule 7(b)(2), RLDE. See Amendments to the South Carolina Rules for Lawyer Disciplinary Enforcement, Order dated October 16, 2009 (previous disciplinary rules apply, including possible sanction of indefinite suspension, if disciplinary complaint is pending on January 1, 2010, and formal charges have not been filed).

contingent on recovery for Mr. Dingus. Respondent did not place the contingent fee agreement in writing.

On December 17, 2007, Mr. Dingus signed a release and endorsed a settlement check in the amount of $21,000 which had been presented to him by respondent. Respondent's fee of $2,000 was to be withheld from the proceeds and Mr. Dingus was to receive the balance of $19,000.

At the time Mr. Dingus executed the documents, respondent informed him that the judge would have to review the settlement documents before the funds could be disbursed. Respondent assured Mr. Dingus that the funds would be held in his trust account. Respondent now acknowledges that he delayed communicating with Mr. Dingus because he had misappropriated the money and was waiting to obtain funds from other sources to replace the funds owed to Mr. Dingus.

As of February 1, 2008, respondent still had not disbursed the settlement funds to Mr. Dingus. On or about February 1, 2008, respondent admitted to Mr. Dingus that he no longer had the settlement funds in his trust account and offered to pay Mr. Dingus $5,000 from his personal account and to sign a promissory note for the balance to be paid monthly with interest.

A review of respondent's trust account records revealed that respondent used client funds to pay several personal bills. In particular, respondent used client funds to pay on his accounts with the South Carolina Student Loan Corporation, Discover, Sears, Lowe's, World Market, and Wells Fargo.

### Matter II

Respondent represented the plaintiff in a divorce action before the Honorable Richard W. Chewning, III, on November 29, 2007. At the conclusion of the hearing, Judge Chewning ordered respondent to prepare the order. Respondent failed to timely prepare the order in spite of numerous requests from Judge Chewning's assistant.

On March 27, 2008, respondent was placed on interim suspension. *In the Matter of Witcraft, supra.* Unaware of respondent's suspension, Judge Chewning left a voicemail for respondent in which he requested respondent immediately forward the order.

By letter dated April 8, 2008, respondent sent an order to Judge Chewning. The letter was written on respondent's law office letterhead. Respondent failed to inform Judge Chewning that he had been suspended by the Court. Instead, respondent misrepresented to Judge Chewning that he was "closing the office."

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.5 (contingent fee agreement shall be placed in writing signed by client); Rule 1.15 (lawyer shall keep funds belonging to client separately from lawyer's funds); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal); Rule 5.5 (lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction); Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to willfully violate a valid order of the Supreme Court), and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a two year definite suspension from the practice of law, retroactive to March 27, 2008, the date of respondent's interim suspension. *In the Matter of Witcraft, supra.* In addition, respondent shall enter into a restitution agreement with the Office of Commission Counsel in which he agrees to repay nineteen thousand dollars ($19,000.00) to James L. Dingus, Jr., eight thousand dollars ($8,000.00) to Clyde Riley, and to fully reimburse the Lawyers' Fund for any claims paid on his behalf. Within thirty days of the date of this opinion, respondent shall pay $522.30, the costs incurred by the Commission on Lawyer Conduct and ODC in handling this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**